07-4080-ag
Ni v. Holder

BIA
Opaciuch, IJ
A 077 122 549
A 073 037 960

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of June, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        PETER W. HALL,
             *Circuit Judges.*

_____

MEI LIAN NI, a.k.a. XIN CHEN and
CHANG YONG YANG,
        *Petitioners,*

                v.                          07-4080-ag
                                            NAC
ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:       Norman Kwai Wing Wong, New York, New
                       York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

**FOR RESPONDENT:**         Gregory G. Katsas, Acting Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Luis E. Perez, Senior Litigation Counsel, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mei Lian Ni and Chang Yong Yang, natives and citizens of the People's Republic of China, seek review of the September 14, 2007, order of the BIA affirming the October 9, 2002, decision of Immigration Judge ("IJ") John Opaciuch denying their applications for asylum, withholding of removal, and CAT relief. *In re Mei Lian Ni and Chang Yong Yang*, Nos. A 077 122 549 and A 073 037 960 (B.I.A. Sept. 14, 2007), *aff'g* Nos. A 077 122 549 and A 073 037 960 (Immig. Ct. N.Y. City Oct. 9, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards

of review are well-established.  *See* 8 U.S.C.
§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513
(2d Cir. 2009).

**I.          Ni's Falun Gong Claim**

Substantial evidence supports the agency's adverse credibility determination with respect to Ni's Falun Gong claim.  In support of that determination, the IJ reasonably found that the detention certificate bearing Ni's father's name was issued before the authorities had allegedly arrested him.  *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007); see also *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).  The IJ also reasonably found implausible Ni's claim that the authorities renewed her resident ID card despite the fact that she was a wanted fugitive.  *See Siewe*, 480 F.3d at 168-69.

Nor did the IJ err in relying on the record of Ni's airport interview to support his adverse credibility determination.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).  As the IJ found, Ni's statements at that interview were inconsistent with her testimony and amended asylum application.  Indeed, Ni did not mention that she owned the bookstore or that the authorities were seeking

3

to arrest her in connection with her sale of illegal Falun Gong books. Although Ni offered explanations for these discrepancies, a reasonable fact-finder would not have been compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ultimately, substantial evidence supported the agency's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B). Therefore, with respect to her Falun Gong claim, because the only evidence that Ni was likely to be persecuted or tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

**II.      Family Planning Claim**

Petitioners argue that the agency erred in finding that they failed to establish their eligibility for relief based on the birth of their second U.S. citizen child. However, we have previously reviewed the BIA's consideration of evidence similar to that which petitioners submitted and have found no error in its conclusion that such evidence is insufficient to establish a reasonable possibility of

4

persecution.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

**III.    Illegal Departure**

Finally, Petitioners argue generally that the IJ erred in finding that they did not establish that they would be tortured if returned to China due to their illegal departure.  However, evidence that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Petitioners present no particularized evidence that they are uniquely susceptible to torture compared to other illegal emigrants.  *Mu-Xing Wang*, 320 F.3d at 143-44.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk